## Patterson Township v. Daniel

*Lee E. Whitmire, Jr.,* for plaintiff.
*Theadore A. Tenor,* for defendant.

SOHN, J., November 30, 1959.—William E. Daniel, defendant, in an action by the Township of Patterson, which was entered before a justice of the peace, filed in the office of the prothonotary a transcript of the record. The record consists of a summary of testimony and the proceedings before the justice of the peace. There is no evidence or indication of the entry of judgment except in the affidavit of appeal. Consequently, there is no judgment from which an appeal may be taken.

Subsequently, counsel for the respective parties filed a pleading entitled "Case Stated in Assumpsit." It is signed by counsel for the respective parties. In it no mention is made of a judgment having been entered against defendant. It is further stated:

"This suit is brought to enforce collection of Patterson School and Township tax; if the Court be of the opinion that the tax is payable direct to Township of Patterson by the taxpayer, then it shall enter judgment for the Township in the amount of $41.19."

Of course the tax is payable directly to the Township of Patterson. We do not believe counsel intended to submit this issue. Rather, we believe the issue relates to whether or not the township can collect the tax from taxpayer after another municipality, at his place of employment, has received payment of a tax under an ordinance in that municipality. For the reasons stated, we decline to dispose of this matter on a case stated.

In addition thereto, the right of plaintiff to recover in this action may be subject to the following part of the Tax Anything Act of June 25, 1947, P. L. 1145, as amended by the Act of June 14, 1957, P. L. 302, 53 PS §6855:

"Payment of any tax to any political subdivision pursuant to an ordinance or resolution passed or adopted prior to the effective date of this act shall be credited to and allowed as a deduction from the liability of taxpayers for any like tax respectively on salaries, wages, commissions, other compensation or on net profits of business, professions or other activities and for any income tax imposed by any other political subdivision of this Commonwealth under the authority of this act."

By way of suggestion, we refer to the following circumstances. The quarterly tax return form mailed to defendant indicated clearly on its face "If tax is deducted by employer, ignore this form." The tax was deducted by defendant's employer. He is required by law to pay only one such tax. Admittedly, the City of New Castle has tax money paid by defendant, which legally belongs to Patterson Township. This is not the first time legal action was necessary to require the city to pay over taxes collected from employers: Neshannock Township School District v. City of New Castle, 13 D. & C. 2d 255. Rather than harrass the taxpayer with suit, we believe the township should proceed against the City of New Castle, which holds money deducted from defendant's wages and which is owing to Patterson Township. It is indeed difficult for a layman to understand why he should be sued and required to pay a tax twice when his tax payment is available to plaintiff in an action against the city which holds his tax payment.

We suggest that rather than proceeding further with this case, counsel proceed as suggested.

### Order

And now, to wit, November 30, 1959, this action is dismissed without prejudice.